a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

VAUGHN JOHNSON,                    CIVIL ACTION NO. 1:18-CV-1427-P
Plaintiff

VERSUS                             JUDGE DEE D. DRELL

ICE, ET AL.,                       MAGISTRATE JUDGE PEREZ-MONTES
Defendants

## REPORT AND RECOMMENDATION

Before the Court is a request for emergency injunctive relief included within

in a complaint (Doc. 1) filed by pro se Plaintiff Vaughn Johnson ("Johnson")

(#A096335944).   Johnson is an immigration detainee in the custody of the

Department of Homeland Security/U.S. Immigration and Customs Enforcement

("DHS/ICE").   Johnson is incarcerated at the LaSalle Detention Center in Jena,

Louisiana.

Because this Court lacks jurisdiction to stay Johnson's removal, and because

Johnson has not submitted a verified complaint or affidavit in support of his claims,

or shown a likelihood of success on the merits, his motion for emergency injunctive

relief should be denied.

I.     Background

Johnson filed a "Motion for Leave to File Emergency Complaint, Show Cause

for Injunctive Relief, Monetary Relief, Relief to Take Judicial Notice of Pending

Relevant Proceedings Regarding Relevant Pending Procedure and Inter-Agencies

Inaccurate Databases Defects, Pending Instant 2255 Action, NTA Procedure Defects,

Violations of Rights Under the Privacy Act and to Strike Specific Interagency Inaccurate Databases Inherent Adverse Inference." (Doc. 1). Essentially, Johnson claims that his constitutional rights were violated when ICE instructed LaSalle Detention Center to enter his date of birth as 09/25/1973 and his country of birth as the Bahamas. (Doc. 1, p. 1). Johnson challenges the validity of his pending removal to the Bahamas.

Johnson was convicted in the United States District Court for the Middle District of Florida of making a false statement on a passport application, in violation of 18 U.S.C. § 1542. See Johnson v. Immigration & Customs Enf't, 13-cv-080, 2014 WL 1912355 (S.D. Ga. May 12, 2014). Johnson was sentenced to 20 months of imprisonment. Johnson also was convicted in the United States Virgin Islands of wire fraud, in violation of 18 U.S.C. § 1343. Johnson was sentenced to 30 months of imprisonment. Id. Johnson alleges he faces imminent removal from the United States of America.

In his complaint, Johnson also claims that ICE and other agencies fail to maintain accurate databases and records regarding his true identity.

Johnson has failed to submit his complaint on the Court-approved forms, and has further neglected to submit either the filing fee or a completed application to proceed *in forma pauperis*. (Doc. 4).

## II.   Law and Analysis

Johnson seeks to enjoin his removal from the United States. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by

Constitution and statute...." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). The burden of establishing a federal court's jurisdiction rests upon the party that invokes jurisdiction. Hartford Ins. Group v. Lou–Con Inc., 293 F.3d 908, 910 (5th Cir. 2002) (per curiam). Accordingly, Johnson must prove that jurisdiction exists. Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).

"The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." Moreira v. Mukasey, 509 F.3d 709, 712 (5th Cir. 2007). The Fifth Circuit has further held that the prohibition strips district courts of the jurisdiction to consider requests for a stay of removal proceedings. Idokogi v. Ashcroft, 66 F. App'x 526 (5th Cir. 2003) (per curiam) ("The district court therefore correctly determined that it lacked jurisdiction to stay the order of removal."); Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133 (5th Cir. 2000) (per curiam) ("[T]he district court correctly determined that it was without jurisdiction to consider Fabuluje's request for a stay...."). Thus, this Court lacks jurisdiction to enjoin ICE from removing Johnson from the United States.

To the extent Johnson seeks to restrain ICE or other agencies from relying on their databases, Johnson cannot show entitlement to emergency injunctive relief.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b)(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or

> its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion." Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex., 905 F.2d 63, 65 (5th Cir. 1990). In order for Johnson to obtain a preliminary injunction, he must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. Women's Med. Ctr. v. Bell, 248 F.3d 411, 418–19 (5th Cir. 2001); see also Flores v. Jacobs, 442 F. App'x 164, 165 (5th Cir. 2011); Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009). "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish any one of the four criteria." Black Fire Fighters Ass'n, 905 F.2d at 65; see also Flores, 442 F. App'x at 165.

Johnson cannot meet the requirements set forth above. Because this Court lacks jurisdiction over challenges to removal proceedings, Johnson cannot show a likelihood of success on the merits. Moreover, Johnson has not submitted an affidavit or verified complaint. Johnson's claims will be dealt with in the normal process of

4

this lawsuit when and if Johnson corrects the current deficiencies noted in the Court's order. (Doc. 4).

### III.   Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Johnson's request for preliminary injunction or emergency temporary relief (Doc. 1) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof.   No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.   Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  26th  day of November, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge