UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| VAUGHN JOHNSON, Plaintiff | CIVIL ACTION NO. 1:18-CV-1427-P |
| VERSUS | JUDGE DEE D. DRELL |
| ICE, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Complaint (Doc. 1) filed pursuant to Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics[1], Motion to Take Judicial Notice (Doc. 2), Motion for Leave to File Addendum to Petitioner's Motion to Take Judicial Notice (Doc. 5), Motion for Leave to File an Instant Addendum Order (Doc. 6), Motion for Leave to File Supplemental Emergency Complaint (Doc. 10), and Motion for Leave to File Amend/Correct Supplemental Emergency Complaint (Doc. 13), filed by pro se Plaintiff Vaughn Johnson ("Johnson") (#A096335944). Johnson is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE"). Johnson is incarcerated at the LaSalle Detention Center in Jena, Louisiana.

---

[1] In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C. § 1983.

Because the Court lacks jurisdiction to stay Johnson's removal, his complaint should be denied and dismissed, and all pending motions to amend and supplement should be denied as moot.

I. <u>Background</u>

Johnson was convicted in the United States District Court for the Middle District of Florida of making a false statement on a passport application in violation of 18 U.S.C. § 1542. See Johnson v. Immigration & Customs Enf't, 13-cv-080, 2014 WL 1912355 (S.D. Ga. May 12, 2014). Johnson was sentenced to 20 months of imprisonment. Johnson was also convicted in the United States Virgin Islands of wire fraud, in violation of 18 U.S.C. § 1343. Johnson was sentenced to 30 months of imprisonment. Id. Johnson alleges he faces imminent removal from the United States of America.

Johnson's complaint and motions are largely unintelligible. Johnson appears to be questioning the legitimacy of the order to remove him from the United States. Johnson disputes various DHS/ICE records that were relied upon to determine that he is removable. Johnson asks that this Court ascertain his "true identity" to prove he is a United States citizen and order Respondents to refrain from removing him from the United States.

Johnson has previously raised these allegations in petitions for writs of habeas corpus and "numerous motions seeking various forms of relief." Johnson v. Immigration & Customs Enf't, 5:13-cv-080, 2014 WL 1912355, *1 (S.D. Ga. May 12, 2014) (dismissing petition and denying 14 "miscellaneous motions"); see also Johnson

v. Attorney Gen. of United States, 2:17-cv-0422, 2017 WL 4343083 (D. Nev. Sept. 30, 2017) (denying petition, motions to amend, and emergency motions); Johnson v. Immigration and Customs Enforcement, 6:17-cv-1911, M.D. Fla. (denying Emergency Motion for U.S. True Identity, Nationality and Biometric Official Verification Evidentiary Hearing and for Equal Protection); Johnson v. Immigration and Customs Enforcement, 6:15-cv-1102, M.D. Fla. (denying petition and terminating five miscellaneous motions).

II. Law and Analysis

Johnson seeks to enjoin his removal from the United States. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute...." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). The burden of establishing a federal court's jurisdiction rests upon the party that invokes jurisdiction. Hartford Ins. Group v. Lou–Con Inc., 293 F.3d 908, 910 (5th Cir. 2002) (per curiam). Accordingly, Johnson must prove that jurisdiction exists. Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980).

"The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." Moreira v. Mukasey, 509 F.3d 709, 712 (5th Cir. 2007). The Fifth Circuit has further held that the prohibition strips district courts of the jurisdiction to consider requests for a stay of removal proceedings. Idokogi v. Ashcroft, 66 F. App'x 526 (5th Cir. 2003) (per curiam) ("The district court therefore

3

correctly determined that it lacked jurisdiction to stay the order of removal."); Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133 (5th Cir. 2000) (per curiam) ("[T]he district court correctly determined that it was without jurisdiction to consider Fabuluje's request for a stay...."). Thus, this Court lacks jurisdiction to enjoin ICE from removing Johnson from the United States.

Moreover, Johnson has not shown that Bivens provides a remedy in his case. See De La Paz v. Coy, 786 F.3d 367 (5th Cir. 2015) (plaintiffs cannot pursue Bivens suits against agents for allegedly illegal conduct during investigation, detention, and removal proceedings). The Supreme Court has explained that federal courts may not step in to create a Bivens cause of action if "any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." Wilkie v. Robbins, 551 U.S. 537, 550 (2007). In this case, the REAL ID Act provides the process for Johnson to challenge his removal order—and the validity of all of the records on which the order was based—in the appellate courts. Johnson provides no authority to support a claim under Bivens. See Adegbuji v. Fifteen Immigration & Customs Enf't Agents, 169 F. App'x 733, 735 (3d Cir. 2006) (REAL ID Act barred judicial review of plaintiff's Bivens claim); Guardado v. United States, 744 F. Supp. 2d 482 (E.D. Va. 2010) (court lacked jurisdiction over Bivens case based on REAL ID Act).

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Johnson's complaint (Doc. 1) be DISMISSED for lack of jurisdiction and that all pending motions: Motion to Take Judicial Notice (Doc. 2), Motion for Leave to File Addendum to Petitioner's Motion to Take Judicial Notice (Doc. 5), Motion for Leave to File an Instant Addendum Order (Doc. 6), Motion for Leave to File Supplemental Emergency Complaint (Doc. 10), and Motion for Leave to File Amend/Correct Supplemental Emergency Complaint (Doc. 13), be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __4th__ day of December, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge